UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DUNG VIET DINH,<br><br>        Defendant. | CASE NO.  CR05-152 RSL<br><br>DETENTION ORDER |

Offenses charged:

      Counts 1-44:  Conspiracy to Commit Bank Fraud, in violation of Title 18, U.S.C., Sections 1344 and 2.

Date of Detention Hearing:   May 20, 2005.

      The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Lisca Borichewski for Patricia Lally.  The defendant was represented by Terrence Kellogg.

      The Government moved for detention in this matter.  The defense stipulated to detention, reserving the right for reconsideration should circumstances change.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

  (1)  The defendant is viewed as a risk of nonappearance as his background and ties to this district are unknown; he is a citizen of Vietnam; there is an active warrant for his arrest; and he is on a Writ from Sierra Conservation

DETENTION ORDER
PAGE -1-

     Center in Jamestown, California because he is still serving a sentence there.

  (2) Due to the nature and seriousness of the crime alleged, in combination with the defendant's criminal history and unknown background, release of the defendant would pose a risk to the community.

  (3) The defendant stipulated to detention.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

  (l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

  (2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

  (3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

//
//
//
//

DETENTION ORDER
PAGE -2-

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 23rd day of May, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge